[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs Linda Smelser and Patrick Smelser are owners of real estate on which they are constructing a home. The defendant Craig Newick is an architect who provided services to them in return for a fee. When the plaintiffs refused to make certain payments to the defendant to which he felt he was legally entitled under the architectural services contract, he caused a mechanic's lien in the amount of $39,471.20 to be placed on the plaintiffs' real estate. The plaintiffs filed an application to discharge or reduce the mechanic's lien. This court heard evidence on that issue on January 5, 1998, and denied the application in Smelser v. Newick, D.N. 406930.
On January 21, 1998, Newick commenced an action by service of process on the Smelsers to foreclose on the mechanic's lien:Newick v. Smelser, D.N. 408835. The foreclosure action makes reference to the mechanic's lien and to a lis pendens placed on the land records on January 21 to denote Newick's claim to an interest in the land, pursuant to Conn. Gen. Stat. Sec. 49-33.
Thereafter, on January 22, 1998, the Smelsers filed a new lawsuit, D.N. 408679, to substitute a bond in lieu of the mechanic's lien. The application to substitute bond was served on Newick on January 27, the same day that his foreclosure action was returned to court.
Both parties appeared in court by counsel on February 2, the date set for hearing the application to substitute bond. The plaintiffs argue that under Conn. Gen. Stat. Sec. 49-37 (a) they are entitled to substitute a bond in the amount of the lien. The defendant does not oppose the substitution of a bond, but he argues that the amount of the bond should include not just the amount of the lien, with provision for interest, but also a reasonable attorney fee.
Conn. Gen. Stat. Sec. 49-37 (a) which allows the applicant to move for substitution of a bond for a mechanic's lien provides for the court to determine several issues. The first issue is CT Page 1361 whether "the judge is satisfied that the applicant in good faith intends to contest the lien. . . ." Based on this court's knowledge of the facts as evident from the various court files and from the prior hearing, the court is satisfied that this criterion has been met. The next factor is whether "the applicant offers bond, with sufficient surety. . . ." While this issue was not fleshed out, the court is given to understand that the plaintiffs intend to post a cash bond to be held in escrow. That would obviously meet the requirements.
Finally the court must determine the amount of the bond. The statute mandates that it be "such amount as a court of competent jurisdiction may adjudge to have been secured by the lien, with interest and costs. . . ." Here is where the controversy lies. The mechanic's lien recorded by the defendant does not claim nor include any additional value for the attorney fees he has expended in asserting his claim. But he argues that since he has brought an action to foreclose the lien, and, under Conn. Gen. Stat. Sec. 52-249 he may be entitled to attorney fees, the court should add to the amount secured by the lien a sum for reasonable attorney fees.
The plain language of Conn. Gen. Stat. Sec. 49-37 authorizing the substitution of a bond provides only for an amount equal to that "secured by the lien, with interest and costs. . . ." The amount of the lien is $39,471.20, the amount claimed by the defendant, previously contested by the plaintiffs, and approved by the court. To this, only interest and costs (which the court construes to be those costs normally allowed to be taxed in such actions) may be added.
The defendant elected to protect his claim by filing a mechanic's lien rather than by initiating an action of some other kind and attempting to secure an amount which included attorney fees through a prejudgment remedy. He cannot now claim that a strict construction of the statute under which he has chosen to proceed unfairly limits him in securing his claim.
Upon the posting of a bond in the amount of $39,471.20, plus interest and costs only, either as cash or with sufficient surety, the court orders that the bond substitute for the lien and that the lien be dissolved. In the event of further controversy over the sufficiency of any bond offered by the plaintiffs, this court reserves jurisdiction to make further findings and orders. CT Page 1362
Patty Pittman, Judge.